UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.:

HARRY WEINBERG,

    Plaintiff,

vs.

SUN VALLEY EAST CONDOMINIUM
ASSOCIATION, INC.,

    Defendant.

_____ /

## COMPLAINT

Plaintiff, Harry Weinberg ("Weinberg"), sues Defendant, Sun Valley East Condominium Association, Inc. (the "Association"), and alleges as follows:

### PARTIES , JURISDICTION, AND VENUE

1. Weinberg is a citizen of New York and is otherwise *sui juris*.

2. The Association is a Florida corporation with its principal place of business at 5670 Sills Drive, Boynton Beach, Florida 33437.

3. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this case is between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over the Association because the Association is a corporation registered in the State of Florida and has its principal place of business in Florida.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district, and the Association's principal place of business is in Palm Beach County, Florida.

## GENERAL ALLEGATIONS

6. Weinberg owns the condominium located at 9807 Pavarotti Terrace, #104, Boynton Beach, Florida, 33437 (the "Unit"), which is located within the Sun Valley East Condominiums and governed by the Association.

7. The Declaration of Condominium for the Association was recorded on March 15, 1989 in Official Records Book 6414, Page 2000 of the public records of Palm Beach County, Florida (the "Declaration").

8. The Declaration governs the property ownership at the Sun Valley East Condominiums and the Association's responsibilities for properties and condominium units within its purview. A true and correct copy of the Declaration is attached as Exhibit "A."

9. Under the Section 19 of the Declaration, the Association is responsible for maintaining and repairing the common elements and defects on the condominium property, which includes the individually owned units on the property.

10. Specifically, Section 19.1.4. of the Declaration requires the Association to remedy "any defect or need for repairs on the Condominium Property" which the unit owner promptly reports to the Association.

11. On or about September 1, 2022, a water leak originating outside of the Unit on Condominium Property and caused extensive mold and other damage to the Unit.

12. On or about September 1, 2022, upon discovering the water leak, Weinberg immediately reported the issue to the Association.

13. On the week of September 4, 2022, the Association investigated the issue by conducting leak detection inspections at the Unit.

14. On September 8, 2022, Weinberg flew to Florida to observe the damage at the Unit and to oversee the removal of the contents of in the Unit that he could salvage.

15. On or about September 15, 2022, Weinberg flew to Florida a second time to oversee the work performed at the Unit.

16. During both of Weinberg's visits to Florida, a representative of the Association was present at the Unit with Weinberg, and they discussed the Association's repair plans for the Unit.

17. Eventually, the Association attempted to perform mold remediation and other repair work as required under the Declaration.

18. The Association's purported mold remediation and repairs were inadequate and contrary to the applicable standards/guidelines.

19. The Association's failed attempts to repair and remediate the Unit caused continued mold growth and otherwise worsened the condition of the Unit.

20. A mold inspection conducted after the Association attempted to remediate the Unit found that no satisfactory remediation results were achieved and that the remediation work was not performed properly.

21. On December 22, 2022, Weinberg sent a demand letter to the Association, detailing the damage with professional reports, estimates, and photos, and demanding that the Association immediately conduct appropriate mold remediation and repairs in compliance with applicable construction standards. The Association refused to do so.

22. On January 23, 2023, Weinberg, sent correspondence demanding mediation in accordance with Florida Statutes, Section 718.1255. The Association did not respond to Weinberg's request for mediation.

23. All conditions precedent to the filing of this action have been met, waived, or excused.

24. Weinberg is entitled to the recovery of his attorney's fees pursuant to Chapter 718 and under the terms of the Declaration.

## COUNT I
## NEGLIGENCE

25. Weinberg re-alleges paragraphs 1-24 as if each paragraph was fully set forth herein.

26. This is an action for negligence.

27. The Association owed a duty to Weinberg as owner of the Unit to repair and maintain the common elements and to ensure that mold remediation work and other repairs were performed in a reasonable and compliant manner.

28. The Association breached its duty by failing to follow applicable professional standards in its mold remediation and repair work and failing to maintain the common elements.

29. The Association's breach of its duty to Weinberg caused the Unit to incur damage.

30. As a result of the Association's breach of its duty, Weinberg suffered damages.

**WHEREFORE**, Weinberg demands judgment for actual damages and consequential damages, including, but not limited to, expenses incurred by Weinberg as a result of the damage to the property, against the Association together with interest, attorney's fees and costs and such other relief as the Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT

31.     Weinberg re-alleges paragraphs 1-24 as if each paragraph was fully set forth herein.

32.     This is an action for a breach of the Declaration pursuant to Chapter 718, Florida Statutes.

33.     The Declaration constitutes a binding contract between Weinberg and the Association.

34.     The Association breached the terms of the Declaration by failing to repair the damage to the Unit and by failing to maintain the common elements.

35.     As a result of the Association's breach of the Declaration, Weinberg suffered damages.

**WHEREFORE**, Weinberg demands judgment for actual damages and consequential damages, including, but not limited to, expenses incurred by Weinberg as a result of the damage to the property, against the Association together with interest, attorney's fees and costs and such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Weinberg hereby demands a trial by jury for all issues so triable.

By: /s/ Evan D. Appell
Evan D. Appell
Florida Bar No. 58146
Evan D. Appell, P.A.
1001 Yamato Road, Suite 401
Boca Raton, FL 33431
Telephone: (561) 337-5858
evan@edalegal.com
*Counsel for Plaintiff*